IRBY,
*Appellant,*

*v.*

FRED MEYER, INC.,
*Respondent.*

(A8606-03815; CA A49074)

780 P2d 797

James D. Huffman, St. Helens, argued the cause for appellant. With him on the brief was Olsen & Huffman, St. Helens.

Claudia Larkins, Portland, argued the cause for respondent. With her on the brief were Robert D. Newell and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

In this personal injury action, plaintiff was injured when packages of mirror tiles fell on him from a display rack while he was shopping in defendant's store. He appeals a judgment for defendant and assigns as error the exclusion of certain testimony as hearsay. We affirm.

While plaintiff was receiving emergency medical aid in defendant's store, a crowd of approximately 25 persons, both employes and customers, gathered around. Plaintiff heard someone in the crowd ask, "What happened?" and someone answered, "Those mirrors fell again." Plaintiff could not see who asked the question or who made the statement. Plaintiff's cause of action was based on the theory that defendant had maintained the mirror display rack in an unreasonably dangerous and defective manner and should have known of the likelihood that the mirrors would fall, causing injury. Knowing that plaintiff intended to offer the statement from the unknown declarant that "those mirrors fell again," defendant filed a motion *in limine* to exclude the testimony.[1] The trial court granted defendant's motion.

Plaintiff argues that he needed merely to make a *prima facie* showing of "authenticity" to establish the relevancy of the evidence; it was then up to the jury to determine the actual identity or status of the declarant. OEC 901(1); OEC104. Plaintiff further contends that the statement is self-authenticating, because its content demonstrates unique knowledge on the part of the speaker. OEC 901(2)(d); *see State ex rel Kunz v. Woodmansee,* 156 Or 607, 69 P2d 298 (1937). In other words, plaintiff urges that it would be highly unlikely for anyone but a Fred Meyer employe to know of a prior incident in which mirrors had fallen in the store.

---

[1] Plaintiff sought to show that the statement was admissible under OEC 801(4)(b)(D), which provides:

"A statement is not hearsay if:

"* * * * *

"(b) Admission by Party-Opponent. The statement is offered against a party and is:

"* * * * *

"(D) A statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship * * *."

To resolve this issue of self-authentication, the court had to make a preliminary factual determination that the foundation evidence offered was sufficient to support a finding that the declarant was an employe with unique knowledge. OEC 104(1) and (2); *State ex rel Kunz v. Woodmansee, supra,* 156 Or at 618; *see also Commentary* to OEC 104(1) and (2). "The court must determine whether these characteristics are sufficiently distinctive to be satisfactory circumstantial evidence of the authenticity of the matter in question." Kirkpatrick, *Oregon Evidence* 449 (1982).

The trial court considered speculative plaintiff's contention that the unknown declarant must have been defendant's employe. We agree. Neither the plaintiff, nor any other witness, could identify the declarant as an employe. The inability to examine the basis for out-of-court declarations goes to the heart of the hearsay rule. Under the circumstances, the trial judge properly determined that there was no self-authentication and, therefore, that there was no factual foundation for the jury to find that the declarant was an employe of defendant.

Affirmed.